JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1514 AG (JCGx) | Date | September 21, 2016 |
|---|---|---|---|
| Title | JOE QUINTANILLA v. WELLS FARGO BANK, N.A. ET Al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** **[IN CHAMBERS] ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Joe Quintanilla sued Defendants Wells Fargo Bank and Clear Recon Corporation in state court for claims arising out of a home loan.

Wells Fargo removed the case to federal court, asserting that this Court has subject matter jurisdiction on diversity grounds. Wells Fargo stated that the amount in controversy was met because the loan amount and value of the property clearly exceed $75,000. Wells Fargo also tried to argue that complete diversity was met because it is a South Dakota citizen and Quintanilla is a California citizen. But Wells Fargo argued that Clear Recon Corporation, a California citizen, is fraudulently joined and should not be considered in a diversity jurisdiction analysis.

The Court was concerned about subject matter jurisdiction and ordered Wells Fargo to appear at a hearing on September 12, 2016, to show cause as to why this case should not be remanded. Wells Fargo did appear but the Court is not convinced that it has subject matter jurisdiction and now REMANDS this case to state court for lack of subject matter jurisdiction and VACATES all pending motions.

JS - 6
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1514 AG (JCGx) | Date | September 21, 2016 |
|---|---|---|---|
| Title | JOE QUINTANILLA v. WELLS FARGO BANK, N.A. ET Al. | | |

## 1. LEGAL STANDARD

### 1.1 Subject Matter Jurisdiction Generally

The Constitution confines federal courts' power to rule to certain subject matters. *See* U.S. Const. art. III, § 2. Courts themselves police their exercise of power. They take this sacred duty seriously and guard their limited jurisdiction jealously. *See Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1060 (C.D. Cal. 2016).

This jealousy gets expressed in a lot of ways. First, federal courts start off assuming that cases are outside of their power to rule. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts require parties arguing for jurisdiction to establish otherwise. *Id.* Second, federal courts demand that parties arguing for jurisdiction address jurisdiction as soon as they get to the federal courthouse doors, in their complaints or notices of removal. *See* Fed. R. Civ. P. 8(a)(1); 28 U.S.C. § 1446(a). Third, federal courts raise jurisdiction whenever they think it's a question, at any point in a case, on their own without the parties' involvement. *See* Fed. R. Civ. P. 12(h)(3). Fourth, federal courts are particularly skeptical of cases removed from state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The strong presumption against removal jurisdiction means that defendants have the burden of establishing, by a preponderance of evidence, that removal is proper. *See id.* Courts "strictly construe the removal statute against removal jurisdiction," so "[f]ederal jurisdiction must be rejected if there is any doubt" about jurisdiction. *Id.*

### 1.2 Diversity Jurisdiction Specifically

Diversity jurisdiction allows federal courts to rule in civil actions between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Further, diversity jurisdiction requires that each plaintiff in a case be a citizen of a different state than each defendant—in other words, that there be complete diversity. *See id.*

JS - 6
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1514 AG (JCGx) | Date | September 21, 2016 |
|---|---|---|---|
| Title | JOE QUINTANILLA v. WELLS FARGO BANK, N.A. ET Al. | | |

### 1.3    The Sham Defendant Doctrine

The sham defendant doctrine—sometimes labeled as fraudulent joinder—is implicated here. A defendant trying to get into federal court will often argue that a party the plaintiff brought into the lawsuit was only included to prevent potential or destroy existing diversity in a case where diversity jurisdiction might otherwise exist. To succeed on this argument, the removing party must convince the court that the plaintiff's failure to state a claim against the non-diverse defendant is "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). The removing party must make its showing with the Court resolving "*all* disputed questions of fact and *all* ambiguities in the controlling state law . . . in the [Plaintiff's] favor." *Warner v. Select Portfolio Servicing*, No. SACV 160753AGRAOX, 2016 WL 4492828, at *2 (C.D. Cal. June 24, 2016) (emphasis added). Plaintiff's failures on this front must be "obvious." *United Computer Sys.*, 298 F.3d at 761. If there are *any* doubts, the defendant loses. *See Gaus*, 980 F.2d at 566. If the removing party is persuasive, the court is supposed to ignore the citizenship of the fraudulently joined sham defendant when deciding whether there's the requisite diversity of citizenship. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009).

The argument that a plaintiff fraudulently joined the only non-diverse party is increasingly being brought in federal courts. *See Padilla*, 697 F. Supp. 2d at 1157; *see also* E. Farish Percy, Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder, 91 Iowa L. Rev. 189, 191 (2005). As this argument has become more common, so has its misuse.

### 2.    ANALYSIS

No one disputes that Clear Recon destroys diversity if it is a party to this case and its citizenship is considered. And if a non-diverse party is joined to a diversity jurisdiction case, the district court must remand the case because it no longer has jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-1514 AG (JCGx) | Date | September 21, 2016 |
|---|---|---|---|
| Title | JOE QUINTANILLA v. WELLS FARGO BANK, N.A. ET Al. | | |

Wells Fargo states that Clear Recon is a fraudulently joined party because the complaint doesn't allege any wrongful conduct by and doesn't seek any relief from Clear Recon. (Dkt. No. 1 at 8:25–27.) But among other examples, the complaint alleges that all "Defendants violated their duty under § 2923.55 by . . . instead feign[ing] work[] with Plaintiff, then went ahead and illegally initiated foreclosure proceedings." (Complaint, Dkt. No. 1, Ex. A. at 6:12–13.) And it alleges that all "Defendants caused to be recorded fraudulent and/or false Substitution of Trustee, Notice of Default and Notice of Trustee's Sale; and failed to comply with the provisions of Ca. Civ. Code § 2914.17." (*Id.* at 10:4–6.) So it is possible that Quintanilla might recover from Clear Recon, and Clear Recon seems far from a sham or fraudulent defendant.

Clear Recon was not a fraudulently joined party and its citizenship must be considered in a diversity analysis. Since there is no complete diversity of citizenship here, this case must be remanded to state court for lack of subject matter jurisdiction.

**3.      DISPOSITION**

The Court REMANDS this case to state court for lack of subject matter jurisdiction and VACATES all pending motions.

                                                                          :     0

                                    Initials of
                                    Preparer            lmb